**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4246**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

ADIAM BERHANE,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Anthony John Trenga, Senior District Judge.  (1:21-cr-00027-AJT-1)

_____

Submitted:  August 24, 2023                      Decided:  August 29, 2023

_____

Before QUATTLEBAUM and HEYTENS, Circuit Judges, and MOTZ, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Yancey Ellis, CARMICHAEL ELLIS & BROCK, PLLC, Alexandria, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Richmond, Virginia, Kevin Hudson, Assistant United States Attorney, Newport News, Virginia, Jonathan S. Keim, Assistant United States Attorney, Daniel J. Honold, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Adiam Berhane was convicted of, as relevant on appeal, conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, and two counts of bank fraud, in violation of 18 U.S.C. § 1344. The district court sentenced Berhane to a total of 10 years' imprisonment and entered a forfeiture order that included a $528,931.18 monetary judgment representing the proceeds from the three bank fraud counts. On appeal, Berhane challenges only the court's authority to enter a forfeiture money judgment. Finding no error, we affirm.

Berhane argues that the district court lacked statutory authority to enter a forfeiture money judgment in a criminal case because 18 U.S.C. § 982 and 21 U.S.C. § 853 do not explicitly authorize monetary judgments. However, in *United States v. Blackman*, 746 F.3d 137, 145 (4th Cir. 2014), we explained that forfeiture money judgments in criminal cases are not only permissible, but are required when the defendant has spent or divested herself of the proceeds of her crime. *See also id.* ("It is well settled that nothing in the applicable forfeiture statutes suggests that money judgments are forbidden."). We therefore conclude that the court did not reversibly err by entering the forfeiture order.

Accordingly, we affirm Berhane's criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*